IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
SOUTHERN DIVISION

| | |
|---|---|
| LEFRANTE WILLIAMS }<br>Plaintiff. }<br> }<br>vs. }<br> }<br>BIRMINGHAM CITY SCHOOLS }<br>Defendants. } | Case No.: 2:20-cv-2006-ACA |

**FIRST AMENDED COMPLAINT**

I.   JURISDICTION

1. The jurisdiction of this court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended.  The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 2000(e) providing relief against retaliation. Plaintiff has initiated her EEOC charge and received her "Notice of Right to Sue" letter pursuant to Title VII prior to the filing of this complaint.

II. PARTIES

2.   Plaintiff, a current employee of Defendant Birmingham City Schools, seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from Defendants arising from Defendants' violation of rights guaranteed to

Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., amended by the Civil Rights Act of 1991. Plaintiff is an African American female citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division. Plaintiff is an employee of the Defendants within the meaning of Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto.

3.   Defendant Birmingham City Schools is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto. Defendant is operating within this County, District, and Division.

III. Facts

4.   On July 30, 2018, Williams was hired as a teacher at Wenonah High School, a school within the Birmingham City Schools system.

5.   Williams previously worked at another school within the Birmingham City Schools system, Arrington Middle School and was transferred.

6.   All of Williams's transfer documentation was submitted by September 7, 2018.

7. Another teacher, Terrica Barlow, transferring to Wenonah High School, submitted her transfer documentation at or around the same time as Williams.

8. Barlow was placed on the next Birmingham City Schools Board of Education agenda and was officially transferred to Wenonah High School.

9. Williams submitted her transfer documents to Wenonah High Assistant Principal, Misha Randall-Whatley.

10. Williams's transfer documents were never submitted by Randall-Whatley.

11. Williams then reported to work at Wenonah on or about August 12, 2018.

12. Williams began to experience hostility from Assistant Principals Sandra Jackson and Randall-Whatley.

13. This led Williams to speak to the Principal, Dr. Willie Goldsmith about her concerns.

14. It was during this meeting on October 24, 2018 that Dr. Goldsmith informed Williams that he did not know before he transferred her to Wenonah that she had on going sexual harassment litigation involving his fraternity brother.

15. Goldsmith also informed Williams that his fraternity brother had stopped speaking to him because of Williams's transfer.

16. Goldsmith also refused to sign Williams's time sheets each month.

17. He required Williams to report to Arrington Middle School each month to have her time sheet signed.

18. Williams filed all of the required transfer documents.

19. However, Goldsmith claimed that she had not.

20. Williams was able to prove that she had submitted the documents by playing a recording.

21. Williams submitted a grievance about her concerns with the treatment by the Assistant Principals.

22. Williams was then placed on administrative leave pending an investigation.

23. While Williams, members of the Wenonah High administration questioned students, without cause, about whether Williams had any sexual contact or inappropriate conversations with the students.

23. Williams did suffer a loss of prestige due to the unjustified suspension.

24. This caused embarrassment and humiliation among her colleagues and students alike.

25. Williams has also endured hostile and differential treatment from the administration at Wenonah High School.

**V. COUNT TWO: TITLE VII RETALIATION**

26. Williams hereby repeats and realleges each and every allegation in paragraphs 1 through 25, inclusive, as if fully set forth herein.

27. Birmingham City Schools retaliated against Williams in violation of Title VII for opposing the discriminatory practices, namely the sexual harassment she been forced to endure by an agent of the Defendant, against her by subjecting her to acts of discrimination, harassment and humiliation.

28. Williams originally filed an EEOC charge alleging sexual harassment against Defendant and eventually filed a lawsuit based on these allegations.

29. Once Goldsmith found out that Williams had participated in these said protected activities, he began to treat her unfavorably compared to other employees.

30. He eventually suspended Williams without just cause which caused her embarrassment, loss of prestige, and humiliation (i.e., damages).

31. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

32. Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

1. Grant Plaintiff an order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, lost wages, compensatory and punitive damages; and

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert therewith from continuing to violate the civil rights laws.

3. Plaintiff prays for attorney fees and such other and further, different or additional relief as justice may require.

/s/ Terrell E. McCants

_____

                                        Terrell E. McCants (MCC176)

Burrell & McCants, LLC

712 32nd St. S.

Birmingham, Al 35233 (205) 202-5599

e-mail: terrell@burrellmccants.com

# CERTIFICATE OF SERVICE

    I hereby certify that on the 5th day of January, 2021, I electronically filed the foregoing with the Clerk's office, using the Court's CM/ECF system or first class U.S. mail which will send notification of such filing to all counsel of record

/s/ Terrell E. McCants
OF COUNSEL